UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:  2:26-cv-2266

MARIALIS IRIBAR,

      Plaintiff,

v.


SPHERION STAFFING LLC dba
SPHERION STAFFING & RECRUITING,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Marialis Iribar hereby sues Defendant Spherion Staffing & Recruiting and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k).

2. This Court has supplemental jurisdiction over Plaintiff's state-law claims under the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq., pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein occurred in Lee County and Collier County, Florida, within the Middle District of Florida, Fort Myers Division, and Defendant resides and does business in this District.

## PARTIES

4. Plaintiff Marialis Iribar is a female individual who resides in Lehigh Acres, Lee County, Florida. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the Florida Civil Rights Act.

5. Defendant Spherion Staffing & Recruiting is a staffing and recruiting company that maintains an office at 4964 Tamiami Trail North, Naples, Florida 34103, and employs fifteen or more employees. At all relevant times, Defendant was an "employer" within the meaning of Title VII and the Florida Civil Rights Act.

## ADMINISTRATIVE EXHAUSTION

6. On or about June 29, 2026, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations alleging discrimination on the basis of sex (pregnancy). A copy of the Charge is attached hereto as Exhibit A.

7. On July 22, 2026, the Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff. A copy of the Notice of Right to Sue is

attached hereto as Exhibit B. Plaintiff has fully exhausted all administrative prerequisites to suit under Title VII.

FACTUAL ALLEGATIONS

8. Plaintiff began her employment with Defendant on or about January 26, 2026. Defendant assigned Plaintiff to work as an assembly-line worker (MSEO) at the facilities of Shaw Development located at 25190 Bernwood Drive, Bonita Springs, Florida.

9. Plaintiff's regular work schedule was Monday through Thursday. She was paid $16.00 per hour.

10. From the commencement of her assignment until on or about May 18, 2026, Plaintiff performed her job duties satisfactorily and without any issues, warnings, discipline, or performance concerns.

11. On or about May 18, 2026, Plaintiff informed Defendant that she was approximately ten weeks pregnant and was experiencing pregnancy-related back pain. She requested time off to attend a doctor's appointment. Defendant approved the request.

12. On or about May 21, 2026, Plaintiff obtained a doctor's note containing work restrictions related to her pregnancy-related back pain. She immediately provided the doctor's note to Defendant. Defendant instructed Plaintiff to wait for further response.

13. May 25, 2026, was the Memorial Day holiday.

14. On or about May 26, 2026—only five days after Plaintiff submitted her doctor's note and eight days after she disclosed her pregnancy—Defendant sent Plaintiff a text message terminating her assignment and employment. Defendant's stated reason for the termination was that the client (Shaw Development) "could not accommodate" Plaintiff's pregnancy-related restrictions. Defendant further stated that it would contact Plaintiff if other assignments became available.

15. As of the date of this Complaint, Defendant has not contacted Plaintiff regarding any further work opportunities or assignments.

16. Plaintiff had no prior disciplinary history or performance problems. The only intervening events between her satisfactory performance and her termination were her disclosure of her pregnancy and her submission of medical documentation regarding her pregnancy-related condition and restrictions.

17. Defendant's stated reason for terminating Plaintiff—that the client could not accommodate her pregnancy-related restrictions—constitutes direct evidence of discrimination on the basis of pregnancy, or, at a minimum, strong circumstantial evidence giving rise to a plausible inference of discrimination.

18. Defendant treated Plaintiff less favorably than it treats non-pregnant employees who have temporary work restrictions or limitations arising from

conditions other than pregnancy. Defendant failed to explore any reasonable accommodation, temporary reassignment, or alternative placement for Plaintiff, and instead immediately terminated her employment upon learning of her pregnancy-related restrictions.

19. Defendant's actions were taken because of Plaintiff's pregnancy and pregnancy-related medical condition.

## COUNT I
## PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, prohibits discrimination against any individual with respect to compensation, terms, conditions, or privileges of employment because of sex, including pregnancy, childbirth, or related medical conditions.

22. Plaintiff is a member of a protected class under Title VII because she was pregnant and experienced pregnancy-related medical conditions.

23. Plaintiff was qualified for her position and performed her job satisfactorily at all times prior to the disclosure of her pregnancy.

24. Defendant took adverse employment action against Plaintiff by terminating her employment on or about May 26, 2026.

25. Defendant's decision to terminate Plaintiff was motivated by her pregnancy and pregnancy-related medical condition and restrictions. Defendant's own stated reason for the termination—that the client could not accommodate her pregnancy-related restrictions—constitutes direct evidence of pregnancy discrimination. In the alternative, the close temporal proximity between Plaintiff's disclosure of her pregnancy and restrictions and her termination, combined with her satisfactory performance history and the absence of any non-discriminatory explanation unrelated to her pregnancy, gives rise to a plausible inference of discrimination.

26. Defendant treated Plaintiff less favorably than non-pregnant employees with temporary disabilities or work restrictions.

27. Defendant's actions were taken with malice or with reckless indifference to Plaintiff's federally protected rights.

28. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, and other damages.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

30. The Florida Civil Rights Act, Fla. Stat. § 760.01 et seq., prohibits discrimination in employment on the basis of sex, including pregnancy.

31. For the same reasons set forth in Count I, Defendant intentionally discriminated against Plaintiff on the basis of her sex (pregnancy) in violation of the Florida Civil Rights Act by terminating her employment because of her pregnancy and pregnancy-related medical condition and restrictions.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, and other damages.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant on all Counts;

B. Award Plaintiff back pay, front pay, and lost benefits in an amount to be determined at trial;

C. Award Plaintiff compensatory damages for emotional distress, humiliation, and other non-economic harm;

D. Award Plaintiff punitive damages to the extent permitted by law;

E. Award Plaintiff pre-judgment and post-judgment interest;

F. Award Plaintiff her reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and Fla. Stat. § 760.11;

G. Grant such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Alexis Mena-Glasgow
Alexis Mena-Glasgow, Esq.
Florida Bar No. 117839
Simpson & Mena P.A.
2250 SW 3rd Ave
Ste 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: alexis@simpsonmenalaw.com
Attorney for Plaintiff